FILED LODGED
RECEIVED COPY
SEP 21 2021
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY DEPUTY

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

BRIAN E. KASPRZYK
Assistant U.S. Attorney
Pennsylvania State Bar No. 082701
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: brian.kasprzyk@usdoj.gov
Attorneys for Plaintiff

REDACTED FOR PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Rahim Shabazz Harris,<br>Defendant. | No. CR-21-00772-PHX-SPL (ESW)<br><br>**INDICTMENT**<br><br>VIO: 18 U.S.C. § 924(a)(1)(A)<br>(False Statement During Purchase of a Firearm)<br>Counts 1 - 5<br><br>18 U.S.C. §§ 924(d) and 981;<br>21 U.S.C. § 853; and<br>28 U.S.C. § 2461(c)<br>(Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

**COUNTS 1 - 5**

On or about the dates listed below, in the District of Arizona, Defendant RAHIM SHABAZZ HARRIS knowingly made false statements and representations to the businesses listed below, each of which was a business licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the

provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant RAHIM SHABAZZ HARRIS did execute a Department of Justice Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearm Transaction Record, stating that he lived at the address listed on the Form 4473, when in truth and fact, he did not live at that address:

| Count | Date | Business |
|---|---|---|
| 1 | 5/27/2020 | Tombstone Tactical (AZ TTI LLC), Phoenix, Arizona |
| 2 | 8/23/2020 | Tombstone Tactical (AZ TTI LLC), Phoenix, Arizona |
| 3 | 9/6/2020 - 9/9/2020 | Shooter's World, Phoenix, Arizona |
| 4 | 10/13/2020 | Tombstone Tactical (AZ TTI LLC), Phoenix, Arizona |
| 5 | 6/12/2021 – 6/17/2021 | Tombstone Tactical (AZ TTI LLC), Phoenix, Arizona |

In violation of Title 18, United States Code, Section 924(a)(1)(A).

**FORFEITURE ALLEGATION**

The Grand Jury realleges and incorporates the allegations of Counts 1-5 of this Indictment, which is incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offenses alleged in Counts 1-5 of this Indictment, the defendant shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the defendants are liable.

If any forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

s/
FOREPERSON OF THE GRAND JURY
Date: September 21, 2021

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

s/
BRIAN E. KASPRZYK
Assistant U.S. Attorney